FILED
SUPERIOR COURT
OF GUAM

2019 DEC 20 PM 3: 54

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO: CF0320-18 |
| PLAINTIFF, | GPD Report No.: 18-14611 |
| vs. | |
| SHERWIN RAMOS CRUZ,<br>DOB: 10/31/1971, | **DECISION AND ORDER RE: PEOPLE'S MOTION TO DISMISS WITHOUT PREJUDICE** |
| DEFENDANT. | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on November 21, 2019 for a Motion Hearing on the People of Guam's ("People") Motion to Dismiss Without Prejudice. Defendant Sherwin Ramos Cruz ("Defendant") was present and represented by Attorney William Pole. Attorney Basil O'Mallan was present for the People. Defendant did not oppose the People's Motion. Having heard from the parties, the Court orally GRANTED the Motion and ordered the matter DISMISSED WITHOUT PREJUDICE pursuant to 8 GCA § 80.70. The Court further ORDERED that the matter be expunged due to the People's decision not to prosecute the case, pursuant to 8 GCA § 11.10. The Court now issues this Decision and Order memorializing its oral ruling.

## Background

Defendant is charged with First Degree Criminal Sexual Conduct (As a First Degree Felony) and Second Degree Criminal Sexual Conduct (As a First Degree Felony). Indictment (Jun. 7, 2018). Both charges contained a Vulnerable Victim Special Allegation. *Id.*

On October 31, 2019, the Court held a Continued Pre-Trial Conference for this matter. Minute Entry (Oct. 31, 2019). During the Conference, the People expressed concerns about the alleged victim's ability to testify on the stand during trial. *Id.* The People requested more time to work with the alleged victim in order to determine whether she would be able to or desired to testify. *Id.* Defendant agreed to give the People more time to speak with the alleged victim and her family in preparation of trial. *Id.* Subsequently, the Court vacated the upcoming Jury Selection and Trial date and set the matter for a Further Proceedings. *Id.*

On November 15, 2019, the People filed the above Motion to Dismiss Without Prejudice. People's Mot. to Dismiss Without Prejudice (Nov. 15, 2019). In their Motion, the People indicated that during a meeting, the alleged victim had difficulty recalling specific details about the alleged incident, including those that formed the basis of the complaint. *Id.* at 1. The alleged victim's mother indicated that she believed her daughter, a minor, had "moved on" from the incident. *Id.* The mother indicated that she did not want to re-traumatize her daughter by forcing her to testify, and requested that the People dismiss the case without prejudice. *Id.*

On November 19, 2019, Defendant filed a response to the Motion. Partial Non-Opp'n to Mot. for Dismissal Without Prejudice (Nov. 19, 2019). In the response, Defendant stated that he did not oppose the People's Motion to Dismiss. *Id.* at 2. However, Defendant additionally asked the Court to expunge his records in this matter pursuant to 8 GCA § 11.10. *Id.*

The Court held a hearing on the Motion on November 21, 2019. Minute Entry (Nov. 21, 2019). At the hearing, the People restated the basis for their Motion. *Id.* Defendant did not object, and requested the Court expunge his records. *Id.* The People did not object to expunging his records due to their decision not to prosecute the case. *Id.*

## Discussion

### 1. People's Motion to Dismiss Without Prejudice

When considering a Motion to Dismiss brought by the People under 8 GCA § 80.70(a), the Court adopts the "presumption that [the prosecutor] is acting in good faith and in the proper discharge of his duties." *People of Guam v. Gutierrez*, 2005 Guam 19 ¶ 51 (quoting *U.S. v.*

*Greater Blouse, Skirt & Neckwear Contractors Association*, 228 F. Supp. 483, 486 (S.D.N.Y. 1964)). Defendant did not object to the People's Motion to Dismiss without prejudice. The record does not reflect any basis for finding the People's Motion was brought in bad faith or emblematic of any harassment requiring judicial or statutory protection. *See Gutierrez* at ¶ 49 (quoting *Rinaldi v. United States*, 432 US 22, 32 (1977) ("The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection.")).

The Court must address the concern that the People filed the Motion near the commencement of trial.[1] The Court is required to ensure that the dismissal was not employed by the People as a tactic aimed at gaining an unfair advantage over the Defendant by jury shopping, or to lay further groundwork for a pattern of harassment. If charges are repeatedly brought but then dismissed essentially on the eve of trial, the Defendant could be deprived of the opportunity for vindication by an acquittal. *See Gutierrez* ¶¶ 53-54 (citing cases where prosecutorial actions evidenced these two scenarios and supported finding the prosecution acted in bad faith when seeking dismissal).

Here, the Court is not concerned about the People's timing of filing. The People raised the issue regarding the alleged victim's proposed testimony at an October 31, 2019 Pre-Trial Conference. The Court vacated the trial dates, and soon after, the People filed their Motion to Dismiss. The People met with the alleged victim during the interim, and questioned the alleged victim's ability to testify. Further, the alleged victim's mother requested dismissal on the matter due to serious concerns about the alleged victim's mental well-being if forced to testify. The Court accepts the People's explanation for seeking dismissal near the commencement of trial. The Court's examination of the record does not reveal any other possible basis for disturbing the presumption of good faith.

---

[1] Trial in this matter was originally scheduled to begin on November 4, 2019. However, due to the People's request for more time, the Court vacated the upcoming Jury Selection and Trial. The Court set a Further Proceedings in the matter for December 10, 2019, but the People filed their Motion to Dismiss before that date.

When the Court has no evidence of prosecutorial bad faith or even the allegation of such by Defendant, then it stands that the presumption of good faith alone "permits the [C]ourt to dismiss without prejudice." *People of Guam v. Flores*, 2009 Guam 22 ¶ 29 (quoting *U.S. v. Olson*, 846 F.2d 1103, 1114 (7th Cir. 1988)). With the good faith presumption unchallenged by Defendant, the statute generally limits the Court to "two options: grant or deny the motion to dismiss the indictment." *Gutierrez* at ¶ 64 (quoting *U.S. v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982)).

Importantly, no prejudice will attach here by the Court granting the Motion. The law in Guam does not generally authorize "trial courts to *sua sponte* dismiss indictments with prejudice" when considering an 8 GCA § 80.70(a) Motion. *Gutierrez* at ¶ 69. Any collateral prejudice suffered by Defendant due to a dismissal without prejudice may be cured in a separate expungement proceeding when appropriate. The Court in granting the instant Motion does not foreclose this remedy.

Because there is no basis for abandoning the presumption of prosecutorial good faith, the Motion to Dismiss Without Prejudice is GRANTED.

### 2. *Defendant's Request for Expungement*

Under 8 GCA § 11.10, a defendant's records shall be expunged "when the prosecuting attorney decides not to prosecute the offense." Because the Court is granting the People's Motion to Dismiss, the Court accepts the People's decision to not prosecute the matter. When discussed on record at the November 21 hearing, the People did not have an objection to the expungement of Defendant's records.

Thus, the Court FURTHER ORDERS that the Clerk of the Superior Court of Guam, the Office of the Attorney General of Guam, and the Guam Police Department ("GPD") shall expunge their records of Sherwin Ramos Cruz in Criminal Case No. CF0320-18 and GPD Report No. 18-14611, under 8 GCA §§ 11.10 and 11.11. All other local and federal law enforcement agencies to which GPD reports shall seal any records of the above from public

inspection and refuse to admit the existence of such records to persons not entitled to examine them.

### Conclusion and Order

Based on the reasons provided above, the Court hereby ORDERS **CF0320-18** DISMISSED WITHOUT PREJUDICE pursuant to 8 GCA § 80.70 upon the People's voluntary dismissal. The Court vacates any conditional release orders and restrictions which Defendant is ordered to follow in this case. The Court further ORDERS the above matter be EXPUNGED as set forth herein and in 8 GCA §§ 11.10 and 11.11.

SO ORDERED this **DEC 2 0 2019**_____, *nunc pro tunc* November 21, 2019.

_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

Abia Gumataotao

Date: 12/20/19 Time: 3:55

Deputy Clerk, Superior Court of Guam